# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Douglas J. Grycza,                                    Case No. 3:14CV1485

        Plaintiff

       v.                                           **ORDER**

Carolyn W. Colvin,
 Acting Commissioner of Social Security,

        Defendant

      This is a Social Security case in which the plaintiff, Douglas Grycza, appeals from the Commissioner's order denying his application for benefits.

      An administrative law judge rejected Grycza's claim he is disabled from obtaining substantial gainful employment on account of his degenerative disc disease, depression, and anxiety. The ALJ did so after determining: 1) the opinion of Grycza's treating physician, Joy Barnes, was entitled only to "little weight"; and 2) Grycza had the residual functional capacity (RFC) to perform work that involved "understanding, remembering and following simple instructions and directions in work settings that required no more than occasional, superficial contact with others." (Doc. 11 at 28).

      Pending is Magistrate Judge Burke's Report and Recommendation, which recommends vacating the Commissioner's decision and remanding for further proceedings. (Doc. 19).

      The Commissioner has filed an objection. (Doc. 20).

For the following reasons, I overrule the objection, adopt the R&R as the order of this court, and remand the case to the Commissioner.

## Discussion

Because the Magistrate Judge's R&R sets forth the relevant facts and procedural background, I will presume the reader's familiarity with it and proceed directly to the Commissioner's objections.

### A. Application of the Treating-Physician Rule

After treating Grycza for several months, Dr. Barnes opined, in May, 2012, the pain stemming from Grycza's lumbar degeneration was "frequently" severe enough to interfere with his attention and concentration. (Doc. 11 at 986). She also opined the intensity and persistence of that pain "impairs [his] ability to lift objects and ability to sit for prolonged periods of time[.]" (*Id.*).

Seven months later, in December, 2012, Barnes filled-out a medical-source statement regarding Grycza's spinal disorder.

There Barnes diagnosed Grycza – on the basis of physical exams, x-rays, an MRI, a review of his medical history, and his statements to her – with degeneration of the lumbar intervertebral disc and congenital fusion of the spine. She also noted her finding of a compromised nerve root.

On her medical-source statement, Grycza checked boxes indicating "Grycza was limited to sitting less than 30 minutes in an 8-hour workday and standing/walking less than 30 minutes in an 8-hour workday[.]" (Doc. 19 at 19). She also opined that, given his impairments, Grycza would likely miss at least three workdays per month.

In his decision denying Grycza's application for benefits, the ALJ wrote:

> Dr. Barnes's opinion was not given very much weight. First, it is unclear what kind of training and education Dr. Barnes received. There were no related treatment records from Dr. Barnes which limited [Grycza] in ways consistent with her claims in this functional assessment. Finally, [Grycza's] own testimony contradicted the

> rather severe limitations Dr. Barnes placed on the claimant. Based on these factors, the undersigned gave Dr. Barnes [*sic*] opinion little weight.

(Doc. 11 at 33).

The Magistrate Judge determined this analysis suffered from two principal flaws.

Magistrate Judge Burke first observed the ALJ did not specifically discuss Dr. Barnes's December, 2012, opinion re. the severity of Grycza's work-related limitation. She then concluded none of the reasons the ALJ gave for discounting Dr. Barnes's opinion qualified as a good reason.

The Commissioner contends the Magistrate Judge "misapplie[d] the substantial evidence standard and mandate[d] articulation requirements beyond those endorsed by the Sixth Circuit." (Doc. 20 at 2). At bottom, the Commissioner's argument is that the reasons given by the ALJ have a sufficient grounding in the record to justify a reasonable conclusion Dr. Barnes's opinions were not entitled to controlling weight. *E.g.*, *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (explaining treating-physician rule).

Having reviewed the ALJ's decision, the R&R, and the Commissioner's objection, I concur with Magistrate Judge Burke that the ALJ misapplied the treating-physician rule.

First, it is, at the very least, ambiguous whether the ALJ considered Dr. Barnes's December, 2012, opinion in crafting Grycza's RFC.

The Commissioner contends the ALJ's reference to "the rather severe limitations Dr. Barnes placed on" Grycza shows the ALJ must have considered the December, 2012, opinion, because it was only there that Dr. Barnes quantified Grycza's limitations. (Doc. 11 at 33).

But Dr. Barnes's May, 2012, opinion also contains statements that could have provided the foundation for the ALJ's statement regarding Grycza's "rather severe limitations."

3

For example, it was there that Dr. Barnes opined Grycza's pain "impairs [his] ability to lift objects and ability to sit for prolonged periods of time[.]" (*Id.* at 986). There too Barnes observed Grycza's pain was "frequently" severe enough to "interfere with attention and concentration." (*Id.*). And it was those limitations, after all, that the ALJ had referenced only four sentences earlier in his opinion.

Casting further doubt on the Commissioner's position, the ALJ said, in support of his finding Grycza did not meet or equal a Listed Impairment, "there is no evidence [Grycza] has compromise of a nerve root." (*Id.* at 26). Yet Dr. Barnes's December, 2012, opinion states there was "evidence of compromise of the patient's nerve root (including the cauda equina) or the spinal cord." (*Id.* at 1028).

It is, therefore, not at all clear the ALJ actually considered the December, 2012, opinion, as it was his clear obligation to do. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 378 (6th Cir. 2013) ("[A]n ALJ must consider all relevant evidence in the case record.").

Second, and regardless of whether the ALJ considered Barnes's December, 2012, medical-source statement, the Magistrate Judge correctly found the ALJ did not give good reasons for discounting Dr. Barnes's opinion.

Initially, it is undisputed the ALJ erred when he said there was no evidence in the record of Dr. Barnes's training or credentials. To the contrary, the record shows Dr. Barnes had graduated from Northeastern Ohio University's College of Medicine in 2008, had been a licensed physician since April, 2011, and concentrated her practice in family medicine. (Doc. 11 at 980).

4

Moreover, it was only by picking and choosing pieces of Grycza's hearing testimony that the ALJ could have concluded his testimony "contradicted the rather severe limitations Dr. Barnes placed on [him]." (*Id.* at 33).

Grycza testified in no uncertain terms: 1) he was in constant pain; 2) his medications prevented him from working; 3) his right leg often went numb, due to pain, and Grycza had trouble driving; and 4) no amount of surgery had improved his pain.

What is more, the ALJ appeared to discredit Grycza's testimony about his inability to sit for lengthy periods of time on the ground Grycza "was able to sit throughout his hearing, which lasted nearly an hour." (*Id.* at 30).

That was a mischaracterization of the record. The hearing transcript shows Grycza occasionally had to stand during the hearing, which lasted only thirty-eight minutes.

In light of all this, Magistrate Judge Burke was right to conclude "the ALJ should have provided a more complete explanation as to how Grycza's testimony served to discredit Dr. Barnes's opinion. Without a more thorough explanation, the Court is unable to assess whether the ALJ's reason was in fact a 'good reason' and supported by the evidence." (Doc. 19 at 36).

Finally, the lack of "related treatment records from Dr. Barnes which limited [Grycza] in ways consistent with" the limitations she imposed was also an insufficient basis on which to discredit Barnes's opinion. (Doc. 11 at 33).

To begin with, the question was not, as the ALJ appears to have believed, whether Dr. Barnes had included, within her treatment records, all of the evidence supporting her opinions. It was whether well-established clinical and diagnostic techniques, and the record as a whole, supported her opinion. *E.g.*, *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)

5

(treating-source opinion entitled to controlling weight if "not inconsistent with the other substantial evidence in the case record").

Furthermore, Dr. Barnes's treatment records are not so patently inconsistent with the limitations she imposed in her May and December, 2012, opinions such that the ALJ's mere reference to such patent inconsistency sufficed to guide later courts' review of his decision. After all, Barnes's notes document Grycza's continuing complaints of pain, the fact Grycza had a prescription for Vicodin, and the fact his pain exists with all ranges of motion.

To be sure, there is some merit to the Commissioner's contention that there may be substantial evidence in the record from which the ALJ could have articulated good reasons for not affording Dr. Barnes's opinion controlling weight.

But the Commissioner's attempt to supply such an articulation in her objection is just a post-hoc rationalization that I may not consider. As the ALJ's opinion does not contain good reasons, it is an insufficient basis on which to deny Grycza's application for benefits. *Cole v. Comm'r of Soc. Sec.*, 661 F.3d 931, 937-38 (6th Cir. 2011) (good-reasons requirement "is not simply a formality; it [exists] to safeguard the claimant's procedural rights [and] [i]t is intended to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that he is not").

Because the ALJ failed to give good reasons for rejecting Dr. Barnes's opinion, a remand is required.

**B. RFC Determination**

At the third step of his analysis, the ALJ concluded Grycza had "moderate difficulties" with concentration, persistence, and pace. (Doc. 11 at 27).

As the ALJ noted, moreover, Grycza's treatment records "indicated that [he] had some *significant limitations with regard to remembering things and some difficulty with even simple instructions*." (*Id.*) (emphasis added). The ALJ also gave "substantial weight" to the opinions of two State agency physicians who had opined Grycza was moderately limited in his ability to "maintain attention and concentration for extended periods of time." (*Id.* at 31-32).

Nevertheless, as Grycza argued and the Magistrate Judge concluded, the ALJ did not refer to those limitations in determining Grycza's RFC. And it is unclear how those limitations and the great deal of record evidence supporting them – at least three doctors were in agreement on the degree of Grycza's limitations, and the ALJ gave their opinions either "substantial weight" or "some weight" – the ALJ ruled Grycza could perform work that required him to understand, remember, and follow simple instructions.

I agree with the Magistrate Judge's determination that:

> without more explanation in the ALJ's decision, it is unclear how the RFC limitation restricting Grycza to 'work that required understanding, remembering and following simple instructions and directions in work settings that required no more than occasional, superficial contact with other' adequately accounted for the limitations found by [the State agency examiners], which were afforded 'substantial weight' by the ALJ, the limitations found by [a psychological consultant, who also opined Grycza was moderately limited in these areas], which were afforded 'some weight' by the ALJ, and/or the ALJ's finding that Grycza had moderate limitations in concentration, persistence or pace.

(Doc. 19 at 40).

7

The Commissioner's objection, which is merely a rehash of the arguments the Magistrate Judge properly rejected, is that the ALJ was not "required to incorporate additional limitations into his assessment of [Grycza's] mental RFC that were not supported by the evidence." (Doc. 20 at 5).

The Magistrate Judge's point, however, was that there was evidence tending to support additional mental limitations, but the ALJ did not grapple with it in determining Grycza's mental RFC. Social Security Ruling 96-8p, 1996 WL 374184, *2; *Thompson v. Comm'r of Soc. Sec.*, 2014 WL 356974, *4 (N.D. Ohio) (McHargh, J.) (remanding because ALJ failed to explain why, in her RFC determination, she did not adopt a conflicting limitation assigned by medical source); *Moretti v. Colvin*, 2014 WL 37750, *10 (N.D. Ohio) (Vecchiarelli, J.) (same).

For this reason, too, a remand is required.

## Conclusion

It is, therefore

ORDERED THAT:

1. The Commissioner's objection (Doc. 20) be, and the same hereby is, overruled;

2. The Magistrate Judge's R&R (Doc. 19) be, and the same hereby is, adopted as the order of this court; and

3. The Commissioner's decision be, and the same hereby is, vacated, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge